IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT GAGNER,              )
                           )
            Plaintiff,     )
                           )
      v.                   )   No. 04 C 1152
                           )
AUTONATION, INC., et al.,  )
                           )
            Defendants.    )

## MEMORANDUM ORDER

With this age discrimination action brought by Scott Gagner ("Gagner") having arrived at the Final Pretrial Order stage that is the prelude to trial, the three corporate defendants--AutoNation, Inc., AN/MF Acquisition Corporation d/b/a Joe Madden Ford ("Madden") and AutoNation USA Corporation--have collectively filed five motions in limine. Those motions have now been fully briefed, are therefore ripe for decision and will be addressed here in the order that they appear in the court docket.

### Ray LeFevour's Criminal Conviction (Dkt. 22)

Madden's former General Manager Ray LeFevour ("LeFevour") has been convicted of a federal crime that, according to defendants, was wholly unrelated to Gagner's age discrimination claim. Although Gagner asserts otherwise, he has provided no specific linkage between the two events.

At this point in time LeFevour is apparently relied on by defendants as the source of ascribing key knowledge to Gagner that the latter says he did not have. If then LeFevour were to

testify to that effect at trial, his conviction would obviously become available to serve as impeachment under Fed. R. Evid. ("Rule") 509(a)(2). And if any statement by LeFevour about the asserted linkage were to be admissible on a basis other than his own testimony (an issue that this Court does not now confront), impeachment via his criminal conviction might then also become admissible.

Accordingly defendants' motion to bar any evidence of LeFevour's criminal conviction is denied. It will remain for trial to see precisely how the issues in that respect will play out.

## Scope of Gagner's Charge (Dkt. 24)

Gagner's EEOC charge asserted that he was the victim of age discrimination when his employment was terminated. Defendants have moved to exclude any claim by Gagner that he had also been the victim of a discriminatory demotion, and Gagner has not filed a response to that motion.

It is of course true that Gagner cannot advance a substantive claim that seeks to hold defendants liable in damages on a claim that goes beyond his charge of discrimination and his subsequent Complaint in this action. But whether evidence regarding any pre-termination actions on defendants' part may be probative as to the alleged existence of discriminatory intent in firing Gagner is another matter--one that may emerge only in the

matrix of trial.

Accordingly defendants' motion to bar any such substantive claim is granted. Here too the lesser issue--the potential admissibility at trial of any evidence that may be proffered in that respect--must necessarily await the trial, so that the motion for an outright bar of such evidence is denied for now.

"Stray Remarks" and Hearsay (Dkt. 26)

During Gagner's deposition he ascribed to Madden's former General Manager David Cannizaro ("Cannizaro") and its former Sales Manager James Jastrowski ("Jastrowski") statements described this way in defendants' supporting Mem. 2:

> 1. Cannizaro and Jastrowski allegedly told Gagner that corporate "wanted the old people out." (Gagner Tr. at 66);
>
> 2. Cannizaro allegedly told Gagner that someone in corporate told him to get rid of the old people. (Gagner Tr. at 67);
>
> 3. Jastrowski allegedly told Gagner that AutoNation "ran their stores with younger managers and the older people couldn't do the jobs properly." (Gagner Tr. at 70);
>
> 4. Jastrowski allegedly informed Gagner that an unknown individual in corporate instructed him to terminate Gagner's employment. (Gagner Tr. at 70);
>
> 5. Cannizaro told Gagner that he was allegedly supposed to terminate Gagner "with the old people." (Gagner Tr. at 95);
>
> 6. Cannizaro allegedly asked Gagner "you are still here you old man?" (Gagner Tr. at 97);
>
> 7. An unknown individual in "corporate" allegedly told Cannizaro that John Lydon and William Zloch should

be fired because they were too old to do their job. (Gagner Tr. at 147, 148);

   8. An unknown individual in corporate allegedly told Cannizaro to fire Lydon and Zloch. (Gagner Tr. at 149); and

   9. An unknown individual in corporate allegedly told Cannizaro that he had to fire Gagner because he was "too old to do the job" and "one of the old guys." (Gagner Tr. 150).

According to defendants, those statements are inadmissible hearsay, to which defendants' Motion ¶3 adds the following as a claimed further disqualifier:

   Neither Cannizaro nor Jastrowski played any role whatsoever in the decision to terminate Gagner, and neither were [sic] employed at Madden when Gagner's employment was terminated.

As for the just-stated contentions, defense counsel might perhaps consider a refresher course in evidence, most particularly in the area of hearsay vel non.[1] From what both

---

[1] Here as later in this memorandum order, this Court need not pause to parse either the cases cited on defendants' behalf or the propositions for which those cases are said to stand. Some of those are rightly stated, while others are not. One good example of the latter is defense counsel's effort to place more baggage than it can carry on the discussion of hearsay in Williams v. Pharmacia, Inc., 137 F.3d 944, 950-51 (7th Cir. 1998). By sharp contrast with the situation there, the statements attributed to Cannizaro and Jastrowski, both of whom were directly involved in carrying out firing decisions (though they were not themselves the ultimate decisionmakers), were well within the scope of their employment--and the statements by their superiors that the two of them reported were of course nonhearsay as well. Indeed, the perspective voiced in Williams itself (137 F.3d at 950) strongly supports a conclusion here quite opposite from that urged by defendants. But in all events, what is most important is that the cited cases are really beside the mark in terms of the issues posed for this Court.

4

sides' memoranda reveal about Cannizaro and Jastrowski, the statements ascribed to them are <u>non</u>hearsay under Rule 801(d)(2)(D) and are hence admissible: They are of course being offered against a party, they were made by agents (employees) of a party during the existence of the employment relationship and they were (despite defendants' assertion to the contrary) concerning matters within the scope of the employment relationship.

On one thing defense counsel are right: Those statements are prejudicial to their clients. But as our Court of Appeals' caselaw has repeatedly reminded counsel and trial courts alike, all probative evidence is by definition prejudicial to the litigant against whom it is offered--that is indeed the predicate for admissibility. It is only <u>unfair</u> prejudice that enters into the balancing process under Rule 403, and there is nothing unfair about the admission of the challenged statements for evaluation by the factfinders at trial.[2] Accordingly defendants' motion is denied.

Ex-Employees Jastrowski, Lydon and Zloch (Dkt. 28)

Once again defendants seek to play ostrich. As with the statements ascribed to Cannizaro and Jastrowski that were dealt

---

[2] It need scarcely be said that the statements at issue here are a world apart from the "stray remarks" characterization used in some employment discrimination cases that reject the imposition of liability on an employer.

5

with in the preceding section, defense counsel urge the same type of myopic arguments in an effort to bar any evidence regarding the age discrimination claims by ex-employees Jastrowski, John Lydon ("Lydon") and William Zloch ("Zloch"). Here are Motion ¶¶2-3:

> 2. Jastrowski, Lydon, and Zloch were not employed by Madden when Gagner's employment was terminated and played no role whatsoever in Madden's decision to terminate Gagner's employment. As such, Jastrowski, Lydon, and Zloch have no personal knowledge about the central issue in this case, namely whether Gagner was terminated because of his age.
>
> 3. David Cannizaro, the individual who made the decisions to terminate Jastrowski, Lydon, and Zloch, was not employed by Madden when Gagner's employment was terminated and played no role in the decision to terminate Gagner's employment. Therefore, Cannizaro has no relevant evidence for Gagner's claim. Further, Madden General Manager Eric Soto, who made the decision to terminate Gagner's employment, was not employed at Madden when Jastrowski, Lydon, and Zloch were terminated and played no role in their terminations. Accordingly, Gagner is not similarly situated to Jastrowski, Lydon, and Zloch.

But once again those contentions seek to gloss over--or more accurately to ignore entirely--the clear admissibility of evidence that tends to support Gagner's claim that defendants had and pursued a program of ridding the Madden complement of its older employees. Although it is well understood that the list of permissible grounds for admissibility in Rule 404(b) is simply illustrative rather than exhaustive, even that limited list includes proof of motive and intent--rubrics under which a proposed showing of age-based discrimination against the three

6

named individuals fits comfortably.

Here too Rule 403 balancing does not insulate defendants against the admission of evidence as to the subject matter of their motion, which must be and is denied. By definition, of course, this ruling does not speak to every particular of evidence that may be proffered at trial--those determinations can be made on an informed basis as they arise at that time.

### Ex-Employees Prowell and Wright (Dkt. 30)

Except for pointing out that ex-employee John Prowell ("Prowell") resigned rather than being terminated, defendants' motion to bar evidence as to Prowell and ex-employee Willie Wright ("Wright") is a virtual carbon copy of the motion just dealt with in the preceding section of this memorandum order. In turn Gagner's counsel has responded by filing a virtual carbon copy of the responsive memorandum to that other defense memorandum.

But there is a substantive difference between the earlier-discussed situation and that posed by this defense motion. It appears from Gagner's deposition that the only thing he can adduce regarding Prowell is the latter's own belief that he was the victim of age discrimination, something that caused him to give up by resigning rather than waiting for an expected firing. If that (or Prowell's own testimony to the same effect) is all that Gagner has to offer in that regard, its obvious lack of

7

probative force precludes admissibility. So that aspect of defendants' motion is granted, albeit with the possibility of having to be reexamined if evidence along the same lines that did have probative value were to be proffered at trial (with adequate advance notice to defense counsel, of course).

Matters stand in a much different posture as to Wright. Accordingly to Gagner Dep. 84:

> When I was the general sales manager, Dave Cannizaro wanted me to let go of Willie Wright for his age and disability. And I flat out refused.
>
> He said he couldn't keep up with the younger guys and the crew, and yet he was selling maybe one car less than the others, which to me isn't--so he fired him himself.

Any such statements by Cannizaro have already been found to be nonhearsay, and hence testimony ascribing such statements to him is admissible. Accordingly defendants' motion in that respect is denied, and testimony from Gagner--and of Wright if offered--to the effect reflected in the above-quoted deposition testimony will be admissible at trial.

## Conclusion

What follows is a nonspecific summary of what has gone before--it is stated in this abbreviated form primarily to facilitate the elimination of defendants' motions in limine from this Court's computer-generated list of pending motions. In sum, although more precisely dealt with in the foregoing text:

1. Defendants' Dkt. 22 is denied.

8

2. Defendants' Dkt. 24 is granted in part and denied in part.

3. Defendants' Dkt. 26 is denied.

4. Defendants' Dkt. 28 is denied.

5. Defendants' Dkt. 30 is granted in part and denied in part.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 30, 2005