IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT GAGNER,

           Plaintiff,

v.

AUTONATION, INC., et al.,

           Defendants.

No. 04 C 1152

MEMORANDUM OPINION AND ORDER

On November 30, 2005 this Court issued its memorandum order ("Order"), ruling on the motions in limine that defendants (referred to here collectively for convenience as "Madden," treated as a singular noun) had filed following this Court's entry of the Final Pretrial Order ("FPTO") that had brought the case to trial readiness.[1] Now Madden's defense counsel have submitted a motion seeking reconsideration of the Order's rulings.

This Court is of course no stranger to the operative principles for addressing such motions. Indeed, the quotation from the first of the two cases cited in Madden's current motion as setting out such principles (the Publishers Resource case) was taken directly from one of this Court's own earlier opinions that had not only been affirmed but also expressly adopted by our Court of Appeals, while the second of those Seventh Circuit case

---

[1] As always, the proposed FPTO had been submitted jointly by counsel for Madden and for plaintiff Scott Gagner ("Gagner").

quotations came from the same <u>Above the Belt</u> opinion by the late Judge Dortch Warriner that this Court has consistently relied on--with full attribution, of course--for fully two decades.

But then, having paid lip service to those cited and quoted principles, the current motion proceeds to flout them, reflecting only defense counsel's disagreement with this Court rather than in any way demonstrating that this Court had "patently misunderstood" defense counsel or "made an error not of reasoning but of apprehension." It has done neither--it had fully recognized and then rejected the Madden arguments. Thus the situation is one that calls to mind another opinion of this Court that was written under similar circumstances and that has been cited and quoted by other courts around the country: <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill. 1988)(as adapted to this case):

> Despite what [Madden] appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.

Under the circumstances here, then, the motion for reconsideration merits no more than short shrift. Because the Order fully explained the reasons for this Court's rulings, this opinion will swiftly dispatch counsel's unhappiness with those rulings.

### Ex-Employees Jastrowski, Lydon and Zloch

Madden initially urges that evidence should be excluded at trial as to the charges and lawsuits filed against it by the three above-listed ex-employees and as to the settlement of those claims (in the latter respect, see, e.g., Fed. R. Evid. ("Rule") xxxx). But the Order can be searched in vain for any ruling as to the admissibility of such evidence. What then is there to "reconsider"?

Next, counsel disagrees with what Order at 5-7 held as to other evidence regarding the age discrimination claims made by those ex-employees, even though this Court grounded such admissibility squarely within Rule 404(b) and rejected excludability under Rule 403. This time the motion is thus accurately characterized as seeking reconsideration, but the earlier-stated principles call for its rejection as well.

### Ex-Employee Willie Wright

What has just been said in the preceding paragraph applies with equal force (or perhaps with greater force, see Order at 8) as to this ex-employee. Again denial of the motion is called for.

### "Stray Remarks" and Hearsay

This time it seems that defense counsel have not read Order

3

### Ex-Employees Jastrowski, Lydon and Zloch

Madden initially urges that evidence should be excluded at trial as to the charges and lawsuits filed against it by the three above-listed ex-employees and as to the settlement of those claims (in the latter respect, see, e.g., Fed. R. Evid. ("Rule") 408). But the Order can be searched in vain for any ruling as to the admissibility of such evidence. What then is there to "reconsider"?

Next, counsel disagrees with what Order at 5-7 held as to other evidence regarding the age discrimination claims made by those ex-employees, even though this Court grounded such admissibility squarely within Rule 404(b) and rejected excludability under Rule 403. This time the motion is thus accurately characterized as seeking reconsideration, but the earlier-stated principles call for its rejection as well.

### Ex-Employee Willie Wright

What has just been said in the preceding paragraph applies with equal force (or perhaps with greater force, see Order at 8) as to this ex-employee. Again denial of the motion is called for.

### "Stray Remarks" and Hearsay

This time it seems that defense counsel have not read Order

3

at 3-5, or the Rules that define <u>non</u>hearsay, or both.[2] This Court has made it clear that it will apply Rule 801(d)(2)(D) faithfully at trial, and it adheres to that position. That facet of Madden's motion is also denied.

As for so-called "stray remarks," the matters included in the listing that Order at 3-4 copied from Madden's own original supporting Mem. 2 simply do not fit that label. If anyone has "strayed" on the operative principles of admissibility in that respect, it is not this Court. That aspect of Madden's motion is denied as well.

## Request for Depositions

As a final fallback position, Madden's counsel request leave to depose ex-employees Jastrowski, Lydon and Zloch. Any such request is totally out of order, and it must be denied out of hand.

This Court never sets a close-of-discovery date without the concurrence of counsel for both sides, and this case was no exception to that. Indeed, the originally set date to which both counsel had agreed was extended not once but twice when counsel represented (and this is not said by way of criticism) that they had originally been unable to complete discovery within the time

---

[2] Madden's Motion at 10, invoking the term "double hearsay," betrays a basic misunderstanding of the distinction between hearsay and nonhearsay as the latter is represented by Rule 801(d)(2)(D).

4

frame they had originally contemplated. When the third time proved the charm, counsel jointly submitted what became the FPTO on September 20, 2005, after which this Court held its invariable conference with counsel and entered the FPTO on September 22.

Well before that date defense counsel had been fully aware that Gagner proposed to offer evidence in the respects that Madden's counsel now seek to explore, for Gagner expressly referred to those matters during his deposition (once again, a good deal of such testimony was specifically listed in Madden's Mem. 2 supporting its motion in limine). Madden was free to take the depositions it now seeks during the long time period that discovery was open, but it chose not to do so. And having taken that calculated risk, it cannot now ask in good conscience to reopen discovery just because this Court has not bought its legal position.

To be sure, the case has not yet been set for trial, but that is the inevitable result of this Court's consistent practice of accommodating the schedules of both sets of lawyers after an FPTO is issued and any motions in limine are resolved. In that respect, although there is no need for counsel to appear at the December 19 presentment date that Madden had specified to deal with the motion to reconsider, counsel for both sides will still be expected to appear in court at that time--fully armed with information as to their (and their witnesses') prospective

unavailability for trial, so that this Court can set the earliest feasible date for trial.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: December 14, 2005